IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-159-FL

| | | |
|---|---|---|
| DIANA MICHELLE BOYETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 14, 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion, denies defendant's motion, and remands to defendant for further proceedings.

**BACKGROUND**

On May 13, 2013, plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning September 2, 2009. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held March 25, 2016, denied plaintiff's claims by decision entered June 29, 2016. Following the ALJ's denial of her applications, plaintiff timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's

request, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey v. Barnhart, 393 F.Supp.2d 387, 390 (E.D.N.C. 2005) (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ

found that plaintiff had not engaged in substantial gainful activity since September 2, 2009. At step two, the ALJ found that plaintiff had the following severe impairments: cardiomyopathy, hypertension, degenerative disc disease, asthma, arthropathies, obesity, affective and anxiety related disorders. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following restrictions:

> ...except frequent balancing, stooping, kneeling, crouching, crawling or climbing of ramps, stairs, ladders, ropes or scaffolds. Further, the claimant must avoid concentrated exposure to humidity, fumes, odors, dust gases, other pulmonary ventilated work areas and hazards. Additionally, the claimant must avoid vibration and hazards. The claimant is able to understand and remember simple directions and sustain sufficient attention to complete simple routine tasks for extended periods at a low production pace. Additionally, the claimant is able to accept direction from a supervisor and maintain adequate relationships with co-workers, in work settings, with no demand for frequent social interaction. The claimant is able to function within a stable work assignment.

(Tr. 25-26).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff argues that the ALJ failed to properly consider the medical opinion of Dr. Chow when formulating her RFC, that failure to consider Dr. Chow's medical opinion was not harmless error, and that the case should be remanded.

"[T]he ALJ is supposed to consider whether a medical opinion is consistent, or inconsistent, with other evidence in the record in deciding what weight to accord the opinion." Brown v. Comm'r

4

Soc. Sec. Admin., 873 F.3d 251, 269 (4th Cir. 2017) (citing 20 C.F.R. § 404.1527). In making such a determination, the ALJ is required to consider non-exclusive factors such as "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the . . .supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). When assessing a claimant's RFC, the ALJ must consider the opinion evidence. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); Monroe v. Colvin, 826 F.3d 176, 191 (4th Cir. 2016) (finding reversible error where the ALJ failed to explain "the varying degrees of weight he gave to differing opinions concerning Monroe's conditions and limitations").

"The burden to demonstrate prejudicial error is on [] the party challenging the agency action. However, the harmless error rule is not . . . a particularly onerous requirement." Sea "B" Mining Co. v. Addison, 831 F.3d 244, 253 (4th Cir. 2016) (quoting Shinseki v. Sanders, 556 U.S. 396, 409-10 (2009)). Where "an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error." Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 658 (4th Cir. 2017) (citing Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011)).

Here, the ALJ erred by not discussing Dr. Chow's opinion and weighing his opinion. At this point, the court departs from the M&R's analysis and concludes that such an error is not harmless. The ALJ's determination of plaintiff's RFC includes discussion of her ability to stay on task where it states plaintiff is able to "complete simple routine tasks <u>for extended periods</u> at a low production pace." (Tr. 26) (emphasis added). Dr. Chow's opinion states that plaintiff's symptoms would "occasionally" be severe enough to interfere with attention and concentration, which the questionnaire defines as up to 1/3 of an 8-hour workday. (Tr. 909). In addition, he states that

5

plaintiff would need to take unscheduled breaks to rest at unpredictable intervals during the workday. (Tr. 910).

Although this medical opinion is brief, it presents a possible conflict with the limits on ability to stay on task during the workday as stated in plaintiff's RFC. See Mascio, 780 F.3d at 638; see generally 20 C.F.R. § Pt. 404, Subpt. P, App. 1 12.00(E)(3) (describing ability to stay on task in the context of mental disorders). Being off task up to 1/3 of the day could also prevent plaintiff from working for "extended periods," and in addition it could impact her ability to find a job. While the ALJ in theory could have explained he gave the opinion little weight because it is vague, such an explanation is not in the ALJ's decision. The absence of an explanation from the ALJ weighing Dr. Chow's medical opinion fails to properly support the ALJ's conclusion concerning ability to stay on task. See Monroe, 826 F.3d at 189 (mandating that the ALJ "build an accurate and logical bridge from the evidence to his conclusion"). Therefore, plaintiff has carried her burden by showing that failure to address Dr. Chow's medical opinion was prejudicial.

Defendant's argument against remand is that Dr. Chow's opinion is vague, that there is no reason to assume that Dr. Chow would disagree with the RFC assigned by the ALJ, and the ALJ summarized Dr. Chow's medical findings and the medical records of other physicians when formulating plaintiff's RFC. These arguments are unavailing. As discussed above, vagueness in Dr. Chow's opinion does not remedy the ALJ's error.[1] Moreover, defendant's argument that Dr. Chow would agree with the ALJ inverts the analysis required by law – it is the ALJ who is supposed to determine whether or not he accepts or not the medical opinions in the record, not the other way around. Brown, 873 F.3d at 269.

---

[1] As demonstrated in the ALJ's decision, the ALJ was capable of explaining an opinion was vague, but did not do so here. (Tr. 30).

Defendant's final argument is that the ALJ goes through a "complete assessment" of Dr. Chow's medical records. While the ALJ does extensively describe some objective medical evidence from Dr. Chow, merely recounting the subjective and objective observations the ALJ considered in reaching his decision is not a substitute for explaining the ALJ's assessment of Dr. Chow's medical opinion. See, e.g., Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that Woods could perform 'medium work' and summarized evidence that he found credible, useful, and consistent. But the ALJ never explained how he concluded—based on this evidence—that Woods could actually perform the tasks required by 'medium work.'"). Consequently, defendant's arguments fail.

On remand, the ALJ will need to assign weight to all the medical opinions in the record, and provide a clear explanation for how the ALJ reached each weighting decision. In light of the discussion above, the court does not reach the additional issue raised by plaintiff of whether or not the ALJ properly assessed the credibility of plaintiff's testimony.

## CONCLUSION

Based on the foregoing, and upon de novo review of the M&R and the administrative record, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings, (DE 14), DENIES defendant's motion for judgment on the pleadings, (DE 18), and REMANDS this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with this order. The clerk is DIRECTED to close this case.

SO ORDERED this the 28th day of September, 2018.

LOUISE W. FLANAGAN
United States District Judge